IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Keith B. Delly, Assignee on behalf of Tela Denise Sherer, Assignor,<br><br>    Plaintiff,<br><br>v.<br><br>First Acceptance Insurance Company, Inc. and First Acceptance Services, Inc.<br><br>    Defendants. | C.A. No. 3:11-cv-2226-CMC<br><br>OPINION AND ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

This action arises from an automobile accident that occurred on either December 30, 2006 or December 31, 2006, in which Keith B. Delly ("Delly") was a passenger in a vehicle driven by Denise Sherer ("Sherer"). Sherer, a South Carolina resident, had obtained car insurance from Defendant First Acceptance Insurance Company, Inc. ("First Acceptance Insurance"), whose principal place of business is Tennessee.[1] Dkt. No. 1 at 2. Sherer's policy was cancelled as of 12:01 a.m. on December 31, 2006. Dkt. No. 19 at 1; Dkt. No. 21 at 2. Delly alleges that the accident occurred on December 30, 2006 (Dkt. No. 15-1 at 1), and First Acceptance alleges that it occurred around 12:30 a.m. on December 31, 2006 (Dkt. No. 19 at 2).

In October 2007, Delly filed an action against Sherer in the Court of Common Pleas in York County, South Carolina ("underlying action"), seeking damages for personal injuries arising out of the December 2006 accident. In December 2007, Defendant First Acceptance Services, Inc.

---

[1] Sherer's application for insurance suggests that Sherer purchased the insurance from an agent located in Rock Hill, South Carolina. Dkt. No. 19-1 at 1. Sherer listed a Rock Hill, South Carolina address on her insurance application. *Id.* The car accident occurred in or around Rock Hill, South Carolina. *Id.* at 19-6. There is nothing in the record to suggest that Sherer's car was ever garaged outside of South Carolina.

(collectively with First Acceptance Insurance, "First Acceptance"), as the claims department for First Acceptance Insurance, denied coverage under Sherer's policy and did not provide Sherer a defense in the underlying action. Dkt. No. 15-1 at 2; Dkt. No. 19 at 1; Dkt. No. 21-1 at 2. According to First Acceptance, the accident was not covered because Sherer's insurance policy was "cancelled on December 30, 2006 as of 12:01 a.m., Central Standard Time."[2] Dkt. No. 21-1 at 2. Sherer never answered the complaint and Delly received a default judgment against Sherer.[3] *Id.* Delly alleges that, as a result of the default judgment, "Sherer has assigned all of her claims against [First Acceptance] to Plaintiff Delly." Dkt. No. 1-1 at 9.

In July 2011, Delly, as assignee of Sherer's claims, filed the instant action against First Acceptance in the Court of Common Pleas in Lexington County, South Carolina. Dkt. No. 1-1 at 1. In August 2011, First Acceptance removed the matter to federal court based on diversity jurisdiction. Dkt. No. 1. In his complaint, Delly alleges that First Acceptance breached its contract with Sherer and that First Acceptance acted in bad faith when denying coverage under the policy, including the alleged failure to defend Sherer. Dkt. No. 1-1 at 9-10. Delly has also brought a declaratory judgment action seeking to determine the coverage of Sherer's insurance policy. *Id.* at 11-12. On February 20, 2012, Delly filed a motion for partial summary judgment seeking a declaration that the cancellation of Sherer's policy was effective December 31, 2006 at 12:01 a.m. Central Standard Time, and not 12:01 a.m. Eastern Standard Time. Dkt. No. 15. Delly also requests

---

[2] In the underlying action against Sherer, Delly alleged that the accident occurred "on or about December 31, 2006, at approximately 12:30 a.m." Dkt. No. 19-5 at 2.

[3] Delly alleges that the default judgment was in the amount of $250,000.00. Dkt. No. 1-1 at 8.

that the court take judicial notice that 12:01 a.m. Central Standard Time is 1:01 a.m. Eastern Standard Time. *Id.* at 2.

### STANDARD

Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

Rule 56(c)(1) provides as follows:

(1)   A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

   (A)   citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers or other materials; or

   (b)   showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

A party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

3

Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995).

## DISCUSSION

Delly argues that Sherer's policy was cancelled on December 31, 2006 at 12:01 a.m., Central Standard Time. Delly cites to the Notice of Cancellation ("Notice") mailed to Sherer, which states that "your personal automobile insurance policy will be cancelled as of 12:01 A.M. on the cancellation date listed above." Dkt. No. 15-1 at 4, Dkt. No. 15-4 at 5. The cancellation date listed above is December 31, 2006. *Id.* The Notice is silent as to whether Central Standard Time or local standard time (Eastern Standard Time) applies to "12:01 A.M." *Id.* The Notice of Cancellation also states that the policy's effective date is October 31, 2006 and expiration date is April 30, 2007. *Id.*

Delly then cites to the Application for Insurance, which states that "Times are Central Time (CST)" and lists an effective date of October 31, 2006 at 09:25:50 and an expiration time of 12:01 a.m. Dkt. No. 15-1 at 3, Dkt. No. 15-5 at 2. The parties agree that these times are Central Standard Time. Dkt. No. 15-1 at 3, Dkt. No. 19 at 2. Further, Delly notes that the Declaration Page confirms that the time associated with the policy period is stated in the Application. Dkt. No. 15-1 at 3, Dkt. No. 15-3 at 3. Finally, Delly attaches a letter from First Acceptance's Litigation Specialist to Sherer's attorney in which First Acceptance states "[o]ur records indicate that policy number LBSC 000013271[4] cancelled on December 30, 2006[5] as of 12:01 a.m., Central Standard Time." Dkt. No.

---

[4] Delly attached a document confirming that Sherer's policy was LBSC 000013271. Dkt. No. 15-4 at 6.

[5] First Acceptance now agrees that the cancellation date was December 31, 2006, not December 30, 2006. Dkt. No. 19 at 3. The notice of cancellation confirms this. Dkt. No. 15-4 at 5.

4

21-1 at 2. Based on First Acceptance's interpretation of the cancellation date, First Acceptance denied coverage. *Id.*

Delly argues that because the times in the policy are stated in Central Standard Time, the Notice of Cancellation also refers to Central Standard Time. Dkt. No. 21 at 2, 6. Further, Delly argues that First Acceptance interpreted its cancellation time based on Central Standard Time. *Id.* at 3. To the extent the court finds the time listed on the Notice of Cancellation is ambiguous, Delly argues that the court should resolve any ambiguity in favor of coverage. *Id.* at 8-9.

First Acceptance does not dispute that Sherer's policy expired at 12:01 a.m. on December 31, 2006, but argues that local standard time (Eastern Standard Time), and not Central Standard Time, applies to the time of cancellation. Dkt. No. 19 at 1. First Acceptance argues that the Notice of Cancellation is not part of the Insurance policy: "This policy, your insurance application (which is made a part of this policy as if attached hereto), the Declarations Page, as amended, and endorsements to the policy issued by us contain all of the agreements between you and us." *Id.* at 4 (citing Policy at 28 (Dkt. No. 19-2 at 30)). First Acceptance argues that the court must look only to the Notice itself and not the policy to determine the time of cancellation.[6] *Id.* "Standing alone, the notice is clear that the cancellation will become effective at 12:01 a.m. on December 31, 2006, according to the local standard time where Sherer's policy is issued and where her vehicle is

---

[6] To support the proposition that the court should not consider parol evidence to interpret the Notice of Cancellation, First Acceptance cites *Conscoop-Consorzia Fra Cooperative Di Prod. E. Lavoro v. United States*, 159 Fed. Appx. 184, 2005 WL 1368664 (Fed. Cir. 2005). In *Conscoop*, the Federal Circuit found that the deadline stated in a solicitation for bids  "1400 hours, local time" was the deadline for submitting bids, and not the deadline provided on the website associated with the bidding process. The court held that the deadline stated in the solicitation for bids was plain and unambiguous and reliance on extrinsic evidence was, therefore, impermissible. Unlike *Conscoop,* the Notice of Cancellation sent to Sherer was silent as to whether Central Standard Time or local standard time applied to the cancellation date.

5

principally garaged, i[.]e. Eastern Standard Time." *Id.* at 6.  Arguing that the law of the principal location of the insured risk applies to an insurance contract,[7] First Acceptance contends that "the standard of time used throughout South Carolina, Eastern Standard Time[,]" applies to "a notice of cancellation mailed to a South Carolina driver in South Carolina and relating to a vehicle in South Carolina and governed by South Carolina law." *Id.* (citing *Unisun Ins. Co. v. Hertz Rental Corp.*, 312 S.C. 549, 436 S.E.2d 182 (Ct. App. 1993)).

First Acceptance also argues that "[a]pplying local standard time fulfills the purpose of the statutorily mandated notice of cancellation," which provides notice to drivers whose policies are being cancelled.  *Id.* at 7.  "A notice of cancellation that states that the insurance will cancel at 12:01 a.m. must mean 12:01 a.m. local standard time in order for this statutory purpose to be effected."[8]  *Id.* at 8.

The court finds that the times associated with the policy's effective date and expiration date contained in the Notice of Cancellation are in Central Standard Time, as defined by the policy

---

[7] First Acceptance relies on *Unisun Ins. Co. v. Hertz Rental Corp.*, 312 S.C. 549, 436 S.E.2d 182 (Ct. App. 1993) for the proposition that "South Carolina applies the law of the principal location of the insured risk to an insurance contract." Dkt. No. 19 at 6.  *Unisun* does not directly support First Acceptance's proposition, but acknowledges that "[a] contract of insurance is governed by the law of the state in which application for insurance was made, the policy delivered, and the contract formed."  312 S.C. at 552, 436 S.E.2d at 184.  The parties are not disputing whether Tennessee or South Carolina law applies to Sherer's insurance policy, but only whether the time listed on the Notice was Central Standard Time or local standard time.

[8] First Acceptance also alleges that Sherer originally "misrepresented" to First Acceptance that the accident occurred before midnight on December 30, 2006.  Dkt. No. 19 at 9.  According to First Acceptance, the reason Sherer "falsely represented" that the accident occurred before midnight on December 30, 2006 is because "[s]he understood the notice of cancellation to mean that she would no longer be insured as of 12:01 a.m. Eastern Standard Time."  *Id.*  However, First Acceptance did not provide any evidence to support its contention that Sherer misrepresented the time of the accident to First Acceptance.  Further, even assuming Sherer incorrectly reported the time and date of the accident to First Acceptance, the court will not speculate as to why she reported an incorrect time and date.

documents. The Notice does not specify whether Central Standard Time or local standard time applies to the cancellation date. In light of that silence and the fact that the effective and expiration dates listed on the Notice are in Central Standard Time, the court finds that the Notice is ambiguous as to whether Eastern or Central Standard Time applies to the December 31, 2006, 12:01 a.m. cancellation date.

The court, therefore, considers the other documents related to this policy. It is undisputed that the insurance policy was based on Central Standard Time. First Acceptance's Litigation Specialist even stated that the Sherer's policy was cancelled as of 12:01 a.m., Central Standard Time. Further, First Acceptance, as drafter of the Notice, could have stated that the time was expressed in local standard time or Eastern Standard Time had it intended for a time other than Central Standard Time to apply. The court, therefore, resolves the ambiguity in favor of coverage of the insured. *See Hiott v. Guaranty National Insurance Co.*, 329 S.C. 522, 532, 496 S.E.2d 417, 423 (Ct. App. 1997) ("Any ambiguity in the notice [of cancellation] must be resolved in favor of the insured."); *Diamond State Insurance Co. v. Homestead Industries, Inc.*, 318 S.C. 231, 236, 456 S.E.2d 912, 915 (1995) ("Ambiguous or conflicting terms in an insurance policy must be construed liberally in favor of the insured and strictly against the insurer."). The court concludes that the cancellation date in the Notice of Cancellation was December 31, 2006 at 12:01 a.m., Central Standard Time.

First Acceptance did not respond to Delly's request that the court take judicial notice that 12:01 a.m. Central Standard Time is 1:01 a.m. Eastern Standard Time. Delly has provided a standard time zone conversion chart from the United States Navy website, which confirms that 12:00 a.m. Central Standard Time is 1:00 a.m. Eastern Standard Time. Dkt. No. 15-6 at 2. Accordingly, the court takes judicial notice that 12:01 a.m. Central Standard Time is 1:01 a.m. Eastern Standard Time.

None of the parties have argued that the Notice of Cancellation was invalid or that Sherer's policy was not cancelled as of December 31, 2006 at 12:01 a.m. The court, therefore, concludes that Sherer's policy with First Acceptance was cancelled effective December 31, 2006 at 12:01 a.m. Central Standard Time, or December 31, 2006 at 1:01 a.m. Eastern Standard Time.

## CONCLUSION

For the reasons set forth above, Delly's motion for partial summary judgment is granted.

IT IS SO ORDERED.

S/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 17, 2012